UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-30012-MAP

| | |
|---|---|
| J.C.P., Inc. d/b/a AUTOS BY JOSEPH,<br>    Plaintiff<br><br>v.<br><br>TOWN OF AGAWAM,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF THE DEFENDANT, TOWN OF AGAWAM, TO PLAINTIFF'S VERIFIED COMPLAINT

#### FIRST DEFENSE

The plaintiff's complaint fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

The defendant, Town of Agawam, answers the plaintiff's complaint, paragraph by paragraph, as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's complaint.

2. The defendant admits the allegations contained in paragraph 2 of plaintiff's complaint.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint.

5. The defendant admits the allegations contained in paragraph 5 of plaintiff's complaint.

284670v1

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiff's complaint.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's complaint.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiff's complaint.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's complaint.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's complaint.

11. The defendant admits that an abutters list for 1514 Main Street, Agawam was certified on or about December 8, 2003.

12. The defendant states that on December 16, 2003 Five Star Auto applied for a license to sell second-hand vehicles as shown on Exhibit B. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 12 of plaintiff's complaint.

13. The defendant denies the allegations contained in paragraph 13 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

14. The defendant denies the allegations contained in paragraph 14 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

15. The defendant denies the allegations contained in the first sentence of paragraph 15 of the plaintiff's complaint and calls upon the plaintiff to prove the same. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in the second sentence of paragraph 15 of plaintiff's complaint. No response is required to the third sentence of paragraph 15 of the plaintiff's complaint since it contains a conclusion of law.

16. The defendant denies the allegations contained in paragraph 16 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 17 of plaintiff's complaint. The defendant denies the allegations contained in the second sentence of paragraph 17 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

18. The defendant denies the allegations contained in paragraph 18 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

19. The defendant admits that the clerk's office prepared Exhibit A as alleged in the first sentence. The defendant denies the allegations contained in the second sentence of paragraph 19 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

20. The defendant denies the allegations contained in paragraph 20 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

21. The defendant admits the allegations contained in the first sentence except that the decision occurred on February 17, 2004, not February 18, 2004. The defendant denies the allegations contained in the second sentence of paragraph 21 of the plaintiff's complaint and calls upon the plaintiff to prove the same. With regard to the third sentence of paragraph 21 of plaintiff's complaint, the defendant admits that Pereira's license was not renewed but denies that the non-renewal affected the transfer application which was filed prior to the expiration of the

license. The defendant denies the allegations contained in the fourth sentence of paragraph 21 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

22. The defendant denies the allegations contained in paragraph 22 of the plaintiff's complaint and calls upon the plaintiff to prove the same. Further answering, the defendant states that plaintiff's license was lost because he failed to file for a renewal as the clerk's office recommended he do prior to the expiration.

23. The defendant denies the allegations contained in paragraph 23 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

24. The defendant states that an ordinance limiting the number of licenses was not enacted until July 6, 2004 and, therefore, denies the allegations in the first sentence of paragraph 24 to the extent that they refer to a different time period. The defendant denies the allegations contained in the second sentence of paragraph 24 of plaintiff's complaint.

25. The defendant denies the allegations contained in paragraph 25 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

26. The defendant denies the allegations contained in paragraph 26 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

27. The defendant denies the allegations contained in paragraph 27 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

28. The defendant denies the allegations contained in the first sentence of paragraph 28 of the plaintiff's complaint and calls upon the plaintiff to prove the same. The defendant admits that Pereira was told that he had no current license according to the law department and that he should speak to the attorney, but denies the remaining allegations contained in paragraph 28 of the plaintiff's complaint.

284670v1

29. The defendant denies the allegations contained in paragraph 29 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

30. The defendant denies the allegations contained in paragraph 30 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

31. The defendant admits the allegations contained in the first sentence of the plaintiff's complaint except for the statement that Pereira could not have a hearing which the defendant denies. The defendant admits that the plaintiff surrendered his license as alleged in the second sentence of paragraph 31 of the plaintiff's complaint and admits that Pereira could not transfer the license to Five Star since Five Star had previously been denied the transfer by the City Council.

32. The defendant admits the allegations contained in paragraph 32 of plaintiff's complaint.

33. The defendant denies the allegations contained in paragraph 33 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

34. The defendant denies the allegations contained in paragraph 34 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

35. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of plaintiff's complaint.

36. The defendant denies the allegations contained in paragraph 36 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

37. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of plaintiff's complaint.

284670v1

38. The defendant denies the allegations contained in paragraph 38 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

39. The defendant denies the allegations contained in paragraph 39 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

40. The defendant denies the allegations contained in paragraph 40 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

41. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of plaintiff's complaint.

42. The defendant denies the allegations contained in paragraph 42 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

43. The defendant denies the allegations contained in paragraph 43 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

## COUNT I

44. The defendant repeats and realleges its responses to paragraphs 1 through 43 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

45. The defendant denies the allegations contained in paragraph 45 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

46. The defendant denies that the plaintiff is entitled to the relief requested in paragraph 46 of the plaintiff's complaint.

284670v1

## COUNT II

47.    The defendant repeats and realleges its responses to paragraphs 1 through 46 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

48.    The defendant denies the allegations contained in paragraph 48 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

49.    The defendant denies the allegations contained in paragraph 49 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

## COUNT III

50.    The defendant repeats and realleges its responses to paragraphs 1 through 49 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

51.    The defendant denies the allegations contained in paragraph 51 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

## COUNT IV

52.    The defendant repeats and realleges its responses to paragraphs 1 through 51 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

53.    The defendant denies the allegations contained in paragraph 53 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

54.    The defendant denies the allegations contained in paragraph 54 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

## THIRD DEFENSE

By way of affirmative defense, the defendant states the plaintiff is not entitled to a preliminary injunction since it is unlikely that he will succeed on the merits of his claim; he will not suffer irreparable injury if the injunction is not issued; his alleged injury will not outweigh

284670v1

any injury the defendant will suffer if the injunction is granted; and the public interest will be adversely affected by the issuance of the injunction.

## FOURTH DEFENSE

By way of affirmative defense, the plaintiff's claim must fail since the plaintiff's own omission of not taking steps to renew his license before it expired resulted in his alleged damages.

## FIFTH DEFENSE

By way of affirmative defense, the defendant says that the action is barred by the applicable statutes of limitations.

## SIXTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff was not entitled to notice and hearing.

## SEVENTH DEFENSE

By way of affirmative defense, the defendant states that any actions taken by the defendant in connection with the allegations in this complaint were justified.

## EIGHTH DEFENSE

By way of affirmative defense, the defendant states that it cannot be held liable for violating the plaintiff's civil rights since no official or unofficial policy, ordinance, regulation, custom or practice or decision resulted in a deprivation of his constitutional rights.

## NINTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim pursuant to M.G.L. c. 12 must fail since it did not deprive the plaintiff of constitutional or statutory rights by force, threat, intimidation or coercion.

## TENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff has failed to allege any facts of a material nature which rise to the level of constitutional deprivations under 42 U.S.C. §1983 or M.G.L. c. 12, §11H and I.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendant states that a civil rights action against the City of Agawam must fail since it cannot be held liable under the respondeat superior doctrine and the plaintiff has failed to show that the City of Agawam caused the alleged constitutional violation.

## TWELFTH DEFENSE

By way of affirmative defense, the defendant states that the City of Agawam cannot be liable to the plaintiff pursuant to Massachusetts General Laws Chapter 12 since it is not a "person."

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendant states that its acts and conduct were performed according to and protected by law and/or legal process and, therefore, the plaintiff cannot recover.

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's due process claims must fail since he had an adequate post deprivation remedy.

## FIFTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims must fail since the defendant's actions, at all times, were required in the interest of the public and the

means used by the defendant were reasonably necessary for the accomplishment of this purpose and not unduly oppressive upon the plaintiff.

### SIXTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims must fail since the defendant's actions and motivations were not arbitrary, unreasonable, irrational or capricious.

### SEVENTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims are barred since he failed to exercise his appellate rights and/or his appellate rights have been exhausted.

### EIGHTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim for misrepresentation is not viable since the defendant never made any misrepresentations. Furthermore, the defendant did not induce the plaintiff into action or forbearance.

### NINETEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since the plaintiff was not deprived of a property right.

### TWENTIETH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since there has been no abuse of power, invidious discrimination, or fundamentally unfair procedures or unjustified disparate treatment with respect to similarly situated persons.

### TWENTY-FIRST DEFENSE

By way of affirmative defense, the defendant says that the plaintiff's claim must fail because the defendant's actions were based on legitimate non-discriminatory reasons and compelling interests and were not motivated by discriminatory intent or purpose.

284670v1

## TWENTY-SECOND DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's Chapter 93A claim must fail since a municipality is not a proper party to such an action where it is not involved in trade or commerce as a market participant which is the case here.

## TWENTY-THIRD DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's Chapter 93A claim must fail since at all relevant times, the defendant was engaged in governmental functions that are outside the purview of c. 93A.

## TWENTY-FOURTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff has failed to comply with the conditions precedent to the bringing of this action, as required by Massachusetts General Laws, Chapter 93A, Section 9(3).

## TWENTY-FIFTH DEFENSE

By way of affirmative defense, the defendant states that the Complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiff is not entitled to recovery under Massachusetts General Laws Chapter 93A.

## TWENTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail in that the plaintiff did not comply with the presentment requirements in M.G.L. c. 258, §4.

## TWENTY-SEVENTH DEFENSE

By way of affirmative defense, the defendant states that it is immune from liability pursuant to M.G.L. c. 258, §10(c).

## TWENTY-EIGHTH DEFENSE

By way of affirmative defense, the defendant states that this action is barred pursuant to M.G.L. 258, §10(a).

## TWENTY-NINTH DEFENSE

By way of affirmative defense, the defendant states that this action is barred pursuant to M.G.L. c. 258, §10(b).

## THIRTIETH DEFENSE

By way of affirmative defense, the defendant states the plaintiff's recovery is barred by virtue of M.G.L. c. 258, §10(e).

## THIRTY-FIRST DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's action is barred by laches.

## THIRTY-SECOND DEFENSE

By way of affirmative defense, the defendant states that if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone or something for whose conduct the defendant was not and is not legally responsible.

## THIRTY-THIRD DEFENSE

By way of affirmative defense, the defendant states that the damages allegedly sustained by the plaintiff resulted from dangers the risk of which the plaintiff assumed, and, therefore, the plaintiff cannot recover.

## THIRTY-FOURTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, is estopped from recovering in this action.

### THIRTY-FIFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is not entitled to recover because of his failure to mitigate damages.

### THIRTY-SIXTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is unable to recover since he is unable to show that it incurred actual damages.

### THIRTY-SEVENTH DEFENSE

By way of affirmative defense, the defendant states the plaintiff's claim must fail since he cannot recover for a purely economic loss.

### THIRTY-EIGHTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim for misrepresentation must fail since he did not rely on the defendant's alleged misrepresentation.

### THIRTY-NINTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim for misrepresentation must fail since his alleged reliance was not justifiable.

### FORTIETH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim for misrepresentation must fail since the defendant did not act unfairly or unreasonably.

### FORTY-FIRST DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim for misrepresentation must fail since there was no privity between the plaintiff and the defendant and/or the defendant did not have any actual knowledge of the plaintiff's reliance.

284670v1

## FORTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the negligence of the plaintiffs contributed to the injuries and damages alleged, and such negligence should reduce or bar the plaintiffs' recovery in accordance with M.G.L. c. 231, §85.

## FORTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to state a claim upon which relief can be granted as the defendants did not owe a duty to the plaintiff.

## FORTY-FOURTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since the defendant did nothing to deprive the plaintiff of employment.

## JURY CLAIM

THE DEFENDANT CLAIMS A TRIAL BY JURY.

The Defendant
Town of Agawam

By Their Attorneys
MORRISON MAHONEY LLP

_____
Carole Sakowski Lynch, BBO#547718
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA 01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by (mail) (by hand) on 2/11/05

284670v1